# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

FRED REEVES, JR.,

    Plaintiff,

v.

KAREN PETERS, *et al.*,

    Defendants.
_____/

CASE NO. 08-CV-13625

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO THE PRISON LITIGATION REFORM ACT

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be **DENIED** pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), and that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

### II.    REPORT

Plaintiff is a prisoner who is currently incarcerated at the Standish Maximum Correctional Facility ("SMF") in Standish, Michigan. Plaintiff filed this *pro se* Prisoner Civil Rights Complaint and Application to Proceed Without Prepayment of Fees on August 21, 2008, alleging that several nurses at SMF were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they informed him that he would not be allowed another appointment with an eye doctor until October 2008 – two years after his last appointment – despite his complaints of worsening vision, severe headaches, and something irritating his eye. The case was referred to the

undersigned magistrate judge for pretrial case management on August 27, 2008. After reviewing the complaint, Plaintiff was issued a Notice of Deficiency because he had failed to sign the pleading. He subsequently filed a Motion for Leave to File Amended Complaint, which was granted on October 21, 2008.

The case is therefore before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees. The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). This district's procedure, therefore, is to screen all prisoner complaints for "three strikes" immediately upon filing so as not to expend valuable resources on a case where the court has no authority to act. When determining whether a plaintiff has three prior cases that qualify as "strikes," the court must keep in mind that "[d]ismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). If three strikes are found, the

court must then deny plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee. *Id.* at 602-04.

A review of the federal court docket reveals that Plaintiff Fred Reeves attained three strikes a long time ago. In fact, the following passage appeared in a Report and Recommendation from a case Plaintiff filed in 2006:

> Plaintiff has more than "three strikes," but since three strikes is all that is required, the following three cases sufficiently qualify as strikes under 28 U.S.C.A. § 1915 (g):
>
> > 1. *Reeves v. Grider*, USDC-WD of Mich. No. 5:04-cv-185 (Judge McKeague), Opinion and Judgment dated November 30, 2004, which specifically states it is a dismissal under 28 U.S.C.A. § 1915 (g). (Dkt. #86, Ex. 1);
> >
> > 2. *Reeves v Eyers*, USDC-WD of Mich. No. 1:04-cv-790 (Judge Enslen), Opinion and Judgment dated January 4, 2005, which specifically states it is a dismissal under 28 U.S.C.A. § 1915 (g). (Dkt. #86, Ex. 2);
> >
> > 3. *Reeves v Eyers*, USDC-WD of Mich. No. 5:04-cv-202 (Judge Bell), Opinion and Judgment dated December 21, 2004 and Order Denying Reconsideration dated January 13, 2005, which specifically states it is a dismissal under 28 U.S.C.A. § 1915 (g). (Dkt. #86, Ex. 3).

*Reeves v. Wallington*, E.D. Mich. Case No. 06-10326 (October 16, 2007) (adopted by Judge Cohn). These same three strikes sufficiently qualify here as well; there is no need to expend further court resources to determine whether Plaintiff has accumulated more strikes in the past year.

With regard to the "imminent harm" exception to section 1915(g), I suggest that Plaintiff's allegation that his "vision has worsened and [that he] has severe headaches with something irritating his eye constantly" does not rise to the level of an "imminent danger of serious physical

injury," especially considering that the two-year period Plaintiff was told he had to wait before being scheduled for another eye doctor appointment has expired.

Accordingly, because Plaintiff attained three strikes prior to filing this case and he has not alleged that he is in imminent danger of serious physical injury, I suggest that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E. Binder*
    CHARLES E. BINDER
Dated: October 22, 2008    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Fred Reeves, Jr., #241575, at Standish Maximum Correctional Facility, 4713 W. M-61, Standish, MI, 48658-9422, and served on District Judge Ludington in the traditional manner.

Date: October 22, 2008                    By    s/Jean L. Broucek
                                             Case Manager to Magistrate Judge Binder